# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0772-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARCUS WHITFIELD,

     Defendant-Appellant.

_____

Submitted May 3, 2022 – Decided June 22, 2022

Before Judges DeAlmeida and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 07-02-0279.

Joseph E. Krakora, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Marcus Whitfield appeals from the May 28, 2020 order of the Law Division dismissing his petition for post-conviction relief (PCR) without an evidentiary hearing.  We affirm.

I.

On July 16, 2007, defendant entered a guilty plea to second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4).  He admitted to having engaged in oral sex with a fifteen-year-old boy.

On February 15, 2008, the trial court, consistent with the plea agreement, sentenced defendant to a three-year term of imprisonment, as well as Megan's Law registration and parole supervision for life (PSL).  The court also dismissed the five remaining counts of the indictment.  Defendant did not file a direct appeal of his conviction or sentence.

On August 14, 2019, eleven and one-half years after entry of his judgment of conviction, defendant filed a complaint in the Law Division seeking PCR.  He alleged that his trial counsel was ineffective for failing to explain to him the ramifications of PSL.  He sought an evidentiary hearing and to vacate his plea.

The State moved to dismiss the petition, arguing it was untimely and did not set forth a prima facie case of ineffective assistance of counsel.  Defendant argued the late filing was the result of excusable neglect due to his imprisonment

2

and transfers between prisons for parole violations, as well as his counsel's failure to promptly send him a copy of trial records.

On May 28, 2020, Judge Guy P. Ryan issued a written opinion dismissing the complaint without an evidentiary hearing. Judge Ryan found the petition was filed six and one-half years after the five-year period from entry of the judgment of conviction established in Rule 3:22-12(a)(1). In addition, the judge found defendant offered no evidence to support his claim the late filing was the result of excusable neglect. See R. 3:22-12(a)(1)(A). While recognizing defendant was incarcerated for parole violations after serving his sentence and transferred between prisons, Judge Ryan concluded he offered no proof that he could not file a PCR petition during the five-year period after entry of his judgment of conviction. The judge noted that "the majority of [defendant's] prison transfers occurred after the 2013 deadline to file a timely petition" and many incarcerated defendants file PCR petitions. The judge found defendant did not need his case records to file a petition.

Judge Ryan also concluded the substantive allegations in the petition, if considered, were meritless. He found that at the plea hearing the court "inquired in extensive detail about [defendant's] understanding of the consequences of a plea to a sexual offense by meticulously reviewing the supplemental plea forms"

3

that addressed PSL. As Judge Ryan noted, during his exchange with the court, defendant stated he was pleased with the representation provided to him and that the plea agreement had been explained by counsel to his satisfaction. In fact, Judge Ryan found, defendant hired the same attorney to represent him with respect to subsequent parole violations. Judge Ryan added, "[n]otably, [defendant] has not asserted innocence. Rather, he is seeking to vacate his plea because he is now dissatisfied with the burdens of PSL." A May 28, 2020 order memorializes the court's decision.

This appeal follows. Defendant makes the following arguments.

> POINT I
>
> THE TRIAL JUDGE ERRED IN DETERMINING THE DEFENDANT'S PCR PETITION WAS TIME-BARRED PURSUANT TO RULE 3:22-12(a) AS DEFENDANT ALLEGED FACTS SHOWING THE DELAY WAS DUE TO EXCUSABLE NEGLECT AND THE ENFORCEMENT OF THE TIME-BAR WILL RESULT IN A FUNDAMENTAL INJUSTICE.
>
> POINT II
>
> THE PCR JUDGE ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN THE TRIAL ATTORNEY FAILED TO ADVISE DEFENDANT OF THE AUTOMATIC PAROLE SUPERVISION FOR LIFE CONSEQUENCES WHEN PLEADING GUILTY TO SEXUAL ASSAULT.

4

II.

Rule 3:22-12 requires a first PCR petition to be filed within five years of entry of the judgment of conviction. As case law instructs, the five-year time bar for a first PCR petition is an important procedural requirement. The time bar only should be relaxed in "exceptional" situations that are specified in the Rule. See e.g., State v. Mitchell, 126 N.J. 565, 576-77 (1992) (declaring time-barred a PCR petition filed six-and-a-half years after a defendant's conviction); State v. Jackson, 454 N.J. Super. 284, 295-96 (App. Div. 2018) (enforcing the time bar against a defendant whose petition was filed fourteen years after his conviction).

Rule 3:22-12(a)(1)(A) provides that a PCR petition may be considered if

> it alleges facts showing that the delay beyond [the five-year bar] was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice . . . .

The factors considered by the court to determine if exceptional circumstances exist are the cause of the delay, the extent of the delay, the prejudice to the State, and the importance of the defendant's claims. State v. Afanador, 151 N.J. 41, 52 (1997). A defendant must submit "sufficient competent evidence" to establish excusable neglect. State v. Brown, 455 N.J. Super. 460, 470 (App.

5

Div. 2018).  A substantial delay in filing a PCR petition increases the already substantial burden to show excusable neglect and that a fundamental injustice will result if the petition is not heard.  See Afanador, 151 N.J. at 52 (recognizing "the burden to justify filing a petition after the five-year period will increase with the extent of the delay.").

With respect to the substantive allegations in defendant's petition, under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey . . . ."  "A petitioner must establish the right to such relief by a preponderance of the credible evidence."  State v. Preciose, 129 N.J. 451, 459 (1992).  "To sustain that burden, specific facts" which "would provide the court with an adequate basis on which to rest its decision" must be articulated.  State v. Mitchell, 126 N.J. 565, 579 (1992).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel.  State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)).  To succeed on a claim of ineffective assistance

of counsel, the defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; accord State v. Nunez-Valdez, 200 N.J. 129, 139 (2009). "A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Strickland, 466 U.S. at 694.

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697. The right to the effective assistance of

counsel extends to legal assistance related to the entry of a guilty plea.  State v. Gaitan, 209 N.J. 339, 350-51 (2012).

An evidentiary hearing on a PCR petition is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted.  State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).  "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'"  Id. at 355 (quoting R. 3:22-10(b)).

Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the May 28, 2020 order substantially for the reasons stated by Judge Ryan in his thorough and well-reasoned written opinion.  Defendant proffered no evidence that he was unable to file a petition during the years he was serving the sentence for his conviction, after his release from prison, or during the subsequent periods of incarceration for violating PSL, most of which took place after expiration of the five-year filing period. Moreover, as Judge Ryan found, the record unequivocally establishes that the

judge who accepted defendant's plea exhaustively discussed with him each aspect of the potential sentence for sexual assault, including PSL and the possibility that he could be incarcerated for up to eighteen months were he to violate the terms of PSL. Finally, defendant offers no convincing argument that had he known of the consequences of PSL he would have elected to go to trial, given the availability of his teenage victim, who testified at defendant's sentencing, to prove the straightforward factual basis of the charges then pending against him, and the fact that a conviction of the six charges he faced would have resulted in the imposition of the statutorily mandated PSL.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9